UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **CV 16-05499 R (AFMx)**                                    **Date:** July 29, 2016

Title     **Hewest Investment LLC v. Cynthia Kim, Eungsong Kim, Mison Kim**

Present: The Honorable  **Manuel L. Real, U.S. District Judge**

| Christine Chung | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)     **ORDER REMANDING MATTER TO STATE COURT**

On April 13, 2016, Hewest Investment, LLC ("Plaintiff") instituted an unlawful detainer proceeding against Cynthia Kim, Eungsong Kim, Mison Kim and Does 1 to 10 ("Defendants") in state court.  Defendants have allegedly continued in unlawful possession of the property located at 911 West 56th Street, Los Angeles, CA 90037 (the "Property") in which Plaintiff is the lessor.  Defendants allegedly entered into a one-year lease of the Property on November 14, 2015, with rent at $2,595.00 per month.  At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $3,690.00.  Plaintiff estimates the fair rental value of the property as $86.50 per day.  Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Defendant Tina Roberts, presumably an unamed Doe Defendant (*see* Complaint, ¶ 11), removed the action to this Court on July 22, 2016.  Roberts asserts diversity jurisdiction in this Court in her Notice of Removal at page 2 and federal question jurisdiction is checked on the Civil Cover Sheet.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-05499 R (AFMx)**                              **Date:** July 29, 2016

Title     **Hewest Investment LLC v. Cynthia Kim, Eungsong Kim, Mison Kim**

Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants have alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

It is also clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $3,690.00, plus ongoing damages at a rate of $86.50 per day. Roberts has made no plausible allegations showing how those damages would exceed $75,000.

Accordingly, because this Court lacks subject matter jurisdiction, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this Order on all parties who have appeared in this action.

**IT IS SO ORDERED.**

cc:  Pro Se Defendant

|  | : |
|---|---|
| **Initials of Preparer** | cc |